**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ADEKUNLE OLUWABUNMI ADEYANJU** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § § | **Civil Action No. 4:26-cv-00312-O** |
| **THOMAS BERGGAMI  et al.,** | § § § | |
| **Respondents.** | § | |

## ORDER

Before the Court are Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 6), Motion for Temporary Restraining Order (ECF No. 2), and Motion to Expedite Consideration (ECF No. 3).  Petitioner asserts that his order of removal has been stayed by the First Circuit Court of Appeals.  He relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), in support of his claim that he is being held illegally.  *See* Motion for TRO 4, ECF No. 2.

*Zadvydas* applies when the government seeks to detain an immigrant pursuant to 8 U.S.C. §1231, and is inapplicable for other detention provisions. *Denmore v. Kim*, 538 U.S. 510, 528 (2003). And section 1231 implements a 90 day removal period that begins upon certain events. 8 U.S.C. §1231(a)(1)(B).

Petitioner alternatively claims that his detention is unlawful because "remains a lawful permanent resident" following the First Circuit's remand.  Amend. Habeas Petition 6, ECF No. 6. But he offers no explanation or authority to support the proposition that his detention is unlawful while the Board of Immigration Appeals "considers the effect, if any, of the final denial of the I-751 waiver on [Petitioner's] Motions, including the motion to reopen." First Circuit Order 55, ECF No. 6-4.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 6), Motion for a Temporary Restraining Order (ECF No. 2), and Motion to Expedite Consideration (ECF No. 3) are **DENIED**.

**SO ORDERED** on this **March 27, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**